# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHARLES L. FISHER, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 JE 0018**

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 23-CR-17

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, and *Atty. George M. Sarap,* Assistant Prosecuting Attorney, for Appellee and

*Atty. Robert T. McDowall Jr.,* for Defendant-Appellant.


Dated:  April 8, 2025

**DICKEY, J.**

{¶1} Appellant, Charles L. Fisher, Jr., appeals from the September 13, 2024 judgment of the Jefferson County Court of Common Pleas convicting him of having weapons while under disability and sentencing him to 24 months in prison following a jury trial. On appeal, Appellant asserts his conviction is not supported by the manifest weight or the sufficiency of the evidence. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} On May 4, 2023, Appellant was indicted by the Jefferson County Grand Jury on one count of having weapons while under disability, a felony of the third degree in violation of R.C. 2923.13(A)(3) and (B). The indictment indicated Appellant had a prior fifth-degree felony conviction for possession of a controlled substance in violation of R.C. 2925.11(A) in Jefferson County Court of Common Pleas, Case No. 14 CR 125. Appellant was appointed counsel, pled not guilty plea at his arraignment, and waived his right to a speedy trial.

{¶3} A jury trial was held on September 10, 2024.

{¶4} Appellee, the State of Ohio, called three witnesses: (1) Shawn Rood, the passenger in the vehicle that Appellant was driving on the day at issue; (2) Captain Gary Slates with the Jefferson County Sheriff's Department ("JCSD"); and (3) Sergeant Tyler Yoho with the JCSD. The State also presented 11 exhibits: (1) Exhibit 1, Hatfield PAS 12-gauge pump-action shotgun; (2) Exhibit 2, Savage model 62.22 semi-automatic rifle; (3) Exhibit 3, Box of ammunition, magazine, and live round; (4) Exhibit 4, Smoking pipes; (5) Exhibit 5, Glass jar containing green leafy substance; (6) Exhibit 6, Plastic bottle labeled "Buprenorphine and Naloxone"; (7) Exhibit 7, Plastic bag containing one .22 round; (8) Exhibit 8, Test-fire recording on USB thumb drive; (9) Exhibit 9, "Plea and Judgment Entry of Sentence" with attached affidavit from Appellant's prior felony drug possession case; (10) Exhibit 10, Video dash cam recording on USB thumb drive; and (11) Exhibit 11, Audio/video body cam recording on USB thumb drive.

{¶5} Sergeant Yoho testified for the State that on January 25, 2023, he initiated a stop of a truck on Township Road 380 due to a traffic violation. Appellant was the driver and Shawn Rood was the passenger. The vehicle was registered in the name of Deborah

Fisher, Appellant's mother. The sergeant informed Appellant that he had a canine which he was going to use to conduct a free-air sniff of the vehicle. Appellant informed the sergeant that "he had some marijuana in the vehicle; and then, also, he had firearms behind the seat, and he was a felon that was not allowed to possess those firearms." (9/10/2024 Jury Trial Tr., p. 93-94).

{¶6} The sergeant confiscated all of the items from the truck, including both guns. *See* (Exhibits 1-11). The guns were located on the floor of the back seat. There was a jacket that had been placed over the firearms. In the pocket of the jacket was a pill prescription bottle with Appellant's name on it. (Exhibit 6). The sergeant did not conduct a DNA swab on the firearms. The sergeant testified, "Both firearms at the time of locating them were chambered, which means they were ready to fire. So both of them had a round in the chamber, too; if the trigger was pulled and they fired, they could fire. There was also a 7.62 round in there that was a live round." (9/10/2024 Jury Trial Tr., p. 95).

{¶7} Captain Slates testified for the State and discussed his training and experience in-depth. The captain described each of the 11 Exhibits that were admitted into evidence. The items were found in the truck that Appellant was driving and the evidence was turned over to the captain following Appellant's arrest. The captain performed test fires on the two guns and stated they were operable. (Exhibits 1, 2, 8). A DNA analysis was not performed because the instant case did not involve a violent crime.

{¶8} Shawn Rood testified for the State that he is presently incarcerated on another matter. Rood was the passenger in the truck Appellant was driving on the day at issue. Rood said there were guns in the vehicle. The guns did not belong to Rood. Rood said Appellant told the sergeant during the traffic stop that there were guns in the vehicle.

{¶9} At the conclusion of the State's case, defense counsel moved for an acquittal pursuant to Crim.R. 29 which was overruled by the trial court.

{¶10} The defense called one witness, Deborah Fisher, Appellant's mother. Deborah testified that the guns found in her truck that Appellant was driving belong to her. Deborah indicated she put the guns in the vehicle but did not tell Appellant. Deborah said she and her friend were going to go to target practice.

{¶11} On cross-examination, Deborah was asked whether she knew Appellant was not allowed to have any guns. She replied, "yes and no[.]" (9/10/2024 Jury Trial Tr., p. 138). Deborah was also asked about the coat with Appellant's pill bottle prescription found in the pocket and placed over the firearms. She said, "Well, it's his coat[.]" (*Id.* at p. 140). Deborah stated Appellant leaves his coat in the vehicle in case he is out late at night and wants to go fishing. Deborah said she did not take Appellant's coat and cover up the guns.

{¶12} Following trial, the jury found Appellant guilty of having weapons while under disability as charged in the indictment.

{¶13} On September 13, 2024, the trial court sentenced Appellant to 24 months in prison. The court granted Appellant eight days of jail-time credit and notified him that his sentence includes an optional period of post-release control of up to two years.

{¶14} Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING APPELLANT GUILTY THEREBY DEPRIVING HIM OF DUE PROCESS OF LAW AS GUARANTEED BY PROVISIONS OF THE OHIO CONSTITUTION BECAUSE THE VERDICT OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶15} In his sole assignment of error, Appellant asserts his conviction of having weapons while under disability is against the manifest weight of the evidence. He further alleges his conviction is not supported by sufficient evidence.

> "When a court reviews a record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two

of the syllabus; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In determining whether a criminal conviction is against the manifest weight of the evidence, an Appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 119. . . .

The weight to be given to the evidence and the credibility of the witnesses are nonetheless issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

*State v. T.D.J.*, 2018-Ohio-2766, ¶ 46-48 (7th Dist.).

{¶16} "'[C]ircumstantial evidence and direct evidence inherently possess the same probative value.'" *State v. Biros*, 78 Ohio St.3d 426, 447 (1997), quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph one of the syllabus.

{¶17} For the reasons addressed below, we determine the judgment is not against the manifest weight of the evidence and further conclude it is supported by sufficient evidence.

{¶18} Appellant takes issue with the guilty finding of having weapons while under disability, a felony of the third degree in violation of R.C. 2923.13(A)(3) and (B), which states:

(A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

. . .

(3) The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse. . . .

(B) Whoever violates this section is guilty of having weapons while under disability, a felony of the third degree.

R.C. 2923.13(A)(3) and (B).

{¶19} R.C. 2901.22, "Culpable mental states," provides in part:

(B) A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

R.C. 2901.22(B).

{¶20} As stated, Sergeant Yoho testified for the State that on January 25, 2023, he initiated a traffic stop of a truck driven by Appellant and registered in his mother's name. Appellant informed the sergeant that "he had some marijuana in the vehicle; and then, also, he had firearms behind the seat, and he was a felon that was not allowed to possess those firearms." (9/10/2024 Jury Trial Tr., p. 93-94). Thus, the record reveals Appellant admitted he was convicted of a felony offense (involving the illegal possession of drugs) but that he nevertheless knowingly had firearms in the truck in violation of R.C. 2923.13(A)(3).

{¶21} The sergeant confiscated all of the items from the vehicle, including both guns. *See* (Exhibits 1-11). The guns were located on the floor of the back seat. There

was a jacket that had been placed over the firearms. In the pocket of the jacket was a pill prescription bottle which contained Appellant's name. (Exhibit 6). The sergeant testified, "Both firearms at the time of locating them were chambered, which means they were ready to fire. So both of them had a round in the chamber, too; if the trigger was pulled and they fired, they could fire. There was also a 7.62 round in there that was a live round." (9/10/2024 Jury Trial Tr., p. 95).

{¶22} Captain Slates testified for the State and described each of the 11 Exhibits that were admitted into evidence. The items were found in the truck that Appellant was driving and the evidence was turned over to the captain following Appellant's arrest. The captain performed test fires on the two guns and stated they were operable. (Exhibits 1, 2, 8).

{¶23} Shawn Rood testified for the State that he was the passenger in the truck that Appellant was driving. Rood said there were guns in the vehicle which did not belong to Rood. Rood stated Appellant told the sergeant during the traffic stop that there were guns in the truck.

{¶24} Deborah Fisher, Appellant's mother, testified on cross-examination with a "yes and no" answer after being asked whether she knew Appellant was not allowed to have any guns. (9/10/2024 Jury Trial Tr., p. 138). Deborah was also asked about the coat with Appellant's pill bottle prescription found in the pocket and placed over the firearms. She said, "Well, it's his coat[.]" (*Id.* at p. 140). Deborah stated she did not take Appellant's coat and cover up the guns.

{¶25} Accordingly, there is sufficient evidence upon which the jury could reasonably conclude beyond a reasonable doubt that the elements of having weapons while under disability were proven. *See* R.C. 2923.13(A)(3); *Jenks*, 61 Ohio St.3d at paragraph two of the syllabus. Thus, the trial court did not err in overruling Appellant's Crim.R. 29 motion.

{¶26} Also, the jury chose to believe the State's witnesses. *DeHass,* 10 Ohio St.2d at paragraph one of the syllabus. Based on the evidence presented, as previously stated, the jury did not clearly lose its way in finding Appellant guilty of having weapons while under disability. *Thompkins,* 78 Ohio St.3d at 387.

**CONCLUSION**

{¶27} For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The September 13, 2024 judgment of the Jefferson County Court of Common Pleas convicting Appellant of having weapons while under disability and sentencing him to 24 months in prison following a jury trial is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

——————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**